# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEPHANIE A. SMITH,                :

                  Plaintiff,

  -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
                  Defendant.        :

Case No. 3:07-cv-420

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury.

*Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520 . First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment

2

or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1. If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed an application for SSD on June 4, 2001, alleging disability from April 25, 2001. (Tr. 501). Plaintiff's application was denied at the initial level on July 30, 2001, and Plaintiff took no further appeal. (Tr. 528).

Plaintiff filed a second application for SSD on September 20, 2002, alleging disability from April 25, 2001, due to a lung impairment and being tired most of the time. (Tr. 76-78; 94-102). Plaintiff's application was denied initially and on reconsideration. (Tr. 39-42; 44-46). A hearing was held before Administrative Law Judge Daniel Shell, (Tr. 532-68), who determined that Plaintiff is not disabled. (Tr. 12-29). The Appeals Council denied Plaintiff's request for review, (Tr. 5-8), and Judge Shell's decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge Shell found that Plaintiff has severe impairments consisting of mild obstructive pulmonary disease, bipolar disorder, and anxiety disorder, but that she does not have an impairment or combination of impairments that meets or

3

equals the Listings. (Tr. 27, finding 3). Judge Shell also found that Plaintiff has the residual functional capacity to perform a limited range of medium work. (Tr. 28, findings 5, 7). Judge Shell then used Section 203.29 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony, and concluded that there is a significant number of jobs in the economy that Plaintiff is capable of performing. *Id.,* findings 11, 12. Judge Shell determined that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 29).

In her Statement of Errors, Plaintiff does not challenge the Commissioner's finding with respect to her exertional impairments. (Doc. 6). Rather, Plaintiff takes issue only with the Commissioner's findings with respect to her alleged mental impairment. *Id.* Accordingly, the Court will focus its review on the mental health evidence of record.

Examining psychologist Dr. Farrell reported on April 16, 2003, that Plaintiff graduated from high school, had a history of being hospitalized in 1996 for treatment of depression, was not currently receiving mental health treatment although she had an appointment for April 23, 2003, and that her posture was slouched, her facial expressions downcast, and her gross motor activity hyperactive. (Tr. 188-94). Dr. Farrell also reported that Plaintiff's affect was flat, her mood was depressed, she appeared anxious, and that she was oriented. *Id.* Dr. Farrell noted that Plaintiff's attention was intact, her concentration was moderately impaired, her immediate memory was adequate, her short term memory and remote memory were poor, and that her intellectual abilities were judged to be in the average range. *Id.* Dr. Farrell identified Plaintiff's diagnosis as recurrent major depressive disorder and he assigned her a GAF of 55. *Id.* Dr. Farrell opined that Plaintiff's ability to relate to others was mildly impaired, her ability to understand, remember, and follow short, simple instructions was intact without impairment, her ability to maintain attention,

4

concentration, and persistence to repeat simple tasks was moderately impaired, and that her ability to withstand the stress and pressure associated with daily work activity was moderately impaired. *Id.*

In September, 2003, Plaintiff began receiving mental health treatment from psychiatrist Dr. Mathias and therapist Ms. Dewberry at South Community, Inc., and she continued to receive treatment at that facility through at least December, 2004. (Tr. 235-53; 267-356; 416-44)[1]. At the time of Plaintiff's intake evaluation, it was noted that her diagnoses were bipolar disorder and rule out obsessive compulsive disorder; she was assigned a GAF of 41. *Id.* Dr. Mathias reported on September 17, 2003, that Plaintiff was cooperative, pleasant, very talkative and pressured at times, and that she had a depressed, irritable, and anxious mood. *Id.* Dr. Mathias identified Plaintiff's diagnoses as bipolar disorder, rule out obsessive compulsive disorder, and rule out anxiety disorder NOS; she assigned Plaintiff a GAF of 55. *Id.*

On July 23, 2003, Dr. Mathias reported that Plaintiff's diagnoses were bipolar disorder and panic disorder, she exhibited increased distractability, racing thoughts, anxious mood and affect, and that her status was poor but stable. (Tr. 366-67). Dr. Mathias also reported that Plaintiff had frequent panic attacks and that she was a medication-dependent person. *Id.*

Dr. Mathias and Ms. Dewberry reported on August 9, 2004, that Plaintiff's sleep and panic symptoms were improving with therapy and medication management, that her prognosis was fair if she remained in therapy and compliant with medications, that her diagnoses were bipolar

---

[1] The record contains additional treatment notes from South Community dated through September, 2005. (Tr. 455-500). However, Plaintiff submitted that evidence to the Appeals Council and since the Appeals Council denied Plaintiff's request for review, that evidence is not a part of the record for purposes of substantial evidence review of Judge Shell's decision. *Cline v. Commissioner of Social Security,* 96 F.3d 146, 148 (6th Cir. 1996) (citation omitted).

disorder and panic disorder, and that she was totally disabled. (Tr. 368-79). Dr. Mathias also reported that Plaintiff was not able to perform many work-related mental activities, that she had slight restrictions of activities of daily living, marked difficulties in maintaining social functioning, and extreme deficiencies in concentration, persistence, or pace. *Id.* Dr. Mathias reported further that Plaintiff had good to fair to poor abilities to make occupational adjustments, fair to poor abilities to make performance adjustments, and good to fair abilities to make personal-social adjustments. *Id.*

Plaintiff essentially alleges in her Statement of Errors that the Commissioner erred by rejecting Dr. Mathias' opinion that she is disabled by her mental impairment.

In general, the opinions of treating physicians are entitled to controlling weight. *Cruse v. Commissioner of Social Security*, 502 F.3d 532, 540 (6th Cir. 2007), *citing, Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997) (citing 20 C.F.R. § 404.1527(d)(2) (1997)). In other words, greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians. *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 242, (6th Cir. 2007), citing *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004). "A physician qualifies as a treating source if the claimant sees her 'with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition.'" *Cruse,* 502 F.3d at 540 (alteration in original) (quoting 20 C.F.R. § 404.1502). However, a treating physician's statement that a claimant is disabled is of course not determinative of the ultimate issue. *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). A treating physician's opinion is to be given controlling weight if it is well supported by medically acceptable clinical and laboratory techniques and it is not inconsistent with the other substantial evidence in the record. *Cutlip v. Secretary of*

6

*Health and Human Services,* 25 F.3d 284 (6th Cir. 1994).

While it is true that a treating physician's opinion is to be given greater weight than that of either a one-time examining physician or a non-examining medical advisor, that is only appropriate if the treating physician supplies sufficient medical data to substantiate that opinion. *See, Kirk v. Secretary of Health and Human Services,* 667 F.2d 524 (6th Cir. 1981), *cert. denied,* 461 U.S. 957 (1983); *see also, Bogle v. Sullivan,* 998 F.2d 342 (6th Cir. 1993). A treating physician's broad conclusory formulations regarding the ultimate issue of disability, which must be decided by the Commissioner, are not determinative of the question of whether an individual is under a disability. *Id.* Further, the Commissioner may properly reject a treating physician's opinion if it is not supported by sufficient medical data or if it is inconsistent with the other evidence of record. *Cf., Kirk, supra; see also, Walters, supra.*

In rejecting Dr. Mathias' opinion that Plaintiff is disabled, Judge Shell determined that it was not supported by objective medical evidence, including progress notes from South Community, and was inconsistent with other evidence of record. (Tr. 20).

Although Dr. Mathias essentially opined that Plaintiff is disabled by her mental impairment, her opinion is not supported by the contemporaneous treatment records from South Community. For example, a review of those voluminous records reveals that at the time she first evaluated Plaintiff, Dr. Mathias assigned Plaintiff a GAF of 55, reflective of, at most, moderate difficulties. (Tr. 354). Further, the records from South Community reveal that Plaintiff at least partially, if not completely, achieved her treatment goals. *See, e.g.,* Tr. 267-74. In addition, Plaintiff essentially reported that the medications were helping decrease her depression, that an increase in her medications helped decrease her panic attacks and improved her sleep, and that her mood was

7

improved. *See, e.g.,* Tr. (300, 346, 442). Further, in November, 2004, Plaintiff reported that she had a good week and that her mood was up. (Tr. 427).

Moreover, Dr. Mathias failed to provide evidence to support her opinion that Plaintiff is disabled. For example, in offering her August 9, 2004, opinion as to Plaintiff's abilities to function, Dr. Mathias relied primarily on Plaintiff's subjective complaints in rating those abilities rather than citing objective clinical findings and observations. *See,* Tr. 369-76.

Finally, Dr. Mathias' opinion is inconsistent with Dr. Farrell's findings and conclusions as well as with the reviewing psychologist's opinion. *See,* Tr. 195-211.

Under these facts, the Commissioner had an adequate basis for rejecting Dr. Mathias', as well as Ms. Dewberry's, opinion that Plaintiff is disabled.

Our duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be affirmed.

December 5, 2008.

                                                  *s/ Michael R. Merz*
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).